UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUHUN MERRELL BROWN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | No. 2:13-cr-407-TLN-1<br><br>**ORDER** |

Petitioner Juhun Merrell Brown has filed four motions to reduce his sentence; each motion is made pursuant to 18 U.S.C. § 3582(c)(2). (ECF Nos. 50, 52, 54, 64.) The Government has opposed the motions. (ECF No. 68.) For the reasons stated below, Petitioner's motions are denied.

**I. Background**

On April 8, 2014, Petitioner pled guilty to Count 1 in the information, charging distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Presentence Report, ECF No. 35 ¶ 1.) The guideline range of imprisonment as determined in the Presentence Report was 151 to 188 months based on a final offense level of 29 and a criminal history category of 6. (PSR ¶¶ 21, 79.) On August 26, 2014, a sentencing hearing was held before the Honorable

1

Lawrence K. Karlton. Judge Karlton took into account the two-level reduction in offense level under Amendment 782 to the Sentencing Guidelines, which was expected to take effect on November 1, 2014. Thus, Judge Karlton found the final offense level to be 27, with a guideline range of 130 to 162 months. Judge Karlton varied downward to impose a mandatory minimum sentence of 60 months.[1]  (ECF No. 68 at 2.)

Petitioner's motions identify two grounds for a reduction in sentence. First, Petitioner requests that the Court reduce his sentence pursuant to Amendment 782, which retroactively reduced the base offense levels for most drug offenses by two levels.

Second, Petitioner requests that his sentence be reduced by 18 months, on the basis that he served that time as part of a state court sentence which involved the same conduct. According to the PSR, Petitioner was arrested on May 24, 2012, and sentenced in state court on two counts: 1) the sale/transportation/offer to sell a controlled substance; and 2) unlawful possession of ammunition. (PSR ¶ 40, Sacramento County Superior Court, Case No. 12F03744.) On January 15, 2013, Petitioner was sentenced to three years in prison.  His post-release community supervision was supposed to start on November 23, 2013.  (PSR ¶ 40.) On or about that day, Petitioner was arrested again. Petitioner states this conduct was based on the same or similar conduct that formed the basis for his state court sentence. (ECF No. 54 at 1–3.)  He made his preliminary appearance in this Court on November 25, 2013.  (ECF No. 6.)  Petitioner argues that he "earned eighteen (18) months credit during his time incarcerated in the State of California." The Court takes Petitioner to state that his current sentence should be reduced by the roughly 18 month period he spent in state custody, beginning with his arrest on May 24, 2012 through his expected release date on November 23, 2013.[2]

---

[1] For this information, the Government cites to the "Statement of Reasons", signed on August 27, 2014 by Judge Karlton. This document is not available on the docket. This Court has reviewed the Statement of Reasons obtained from the Court's internal filing system, and it is consistent with what the Government represents. In any event, regardless of whether Petitioner received a variance from a guideline range of 130 – 162 months or 151 – 188 months, Petitioner does not state a basis for exemption from the 60 month mandatory minimum.

[2] Under the dual sovereignty doctrine, the federal government can prosecute a defendant based on the same offense conduct that was the basis for defendant's state court conviction. *See United States v. Wheeler*, 435 U.S. 313, 320 (1978); *Waller v. Florida*, 397 U.S. 387, 393 (1970); *United States v. Lanza*, 260 U.S. 377, 382 (1922).

**II. Standard of Law**

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.*  "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (citing § 1B1.10(b)(2)(A)).  *See also U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (a sentence reduction is not consistent with Guidelines § 1B1.10 if an amendment does not have the effect of lowering the defendant's guideline range).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id*.  "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 831.

**III. Analysis**

Regarding the two-level reduction under Amendment 782, Judge Karlton already factored the two-level reduction into Petitioner's guideline range at the sentencing hearing.  A further sentence reduction is not warranted on these grounds, because Amendment 782 would not lower Petitioner's guideline range again.  *Leniear*, 574 F.3d at 674.  Petitioner also cites no basis for exemption from the 60 month mandatory minimum, 21 U.S.C. ¶ 841(b)(1)(B), which was the sentence he received.  (PSR ¶ 78.)

Relative to the roughly 18 month period Petitioner served for his state court sentence, this

request for relief is not governed by 18 U.S.C. § 3582(c)(2), because that section specifically governs cases in which "a sentencing range … has subsequently been lowered by the Sentencing Commission." If § 3582(c)(2) were applicable, the Court locates no other statute and corresponding "applicable policy statements issued by the Sentencing Commission" which would permit this Court to vary below the mandatory minimum. Petitioner is not safety valve eligible, 18 U.S.C. § 3553(f), and Petitioner does not argue he offered substantial assistance to the Government in the investigation or prosecution of an offense, 18 U.S.C. § 3553(e). Petitioner argues he "is entitled to a 18 month variance." (ECF No. 54 at 1.) However, Petitioner's 60 month sentence is already the result of a much greater variance, from a guideline range of 130 to 162 months.

**IV. Conclusion**

For the stated reasons, Petitioner's motions for reduction in sentence (ECF Nos. 50, 52, 54, 64) are denied.

Petitioner also requests both an attorney appointed by the Court and to proceed in forma pauperis. (ECF No. 64 at 2.) Petitioner's request to proceed in forma pauperis is granted. However, the Court finds no reason to appoint an attorney for the purposes of these motions (ECF Nos. 50, 52, 54, 64); therefore, that request is denied.

Dated: March 17, 2016

Troy L. Nunley
United States District Judge