UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUHUN MERRELL BROWN,<br><br>Defendant. | No. 2:13-cr-00407-TLN<br><br>**ORDER** |

On August 22, 2016, Defendant Juhun Merrell Brown ("Defendant") filed a motion seeking reduction of his sentence pursuant to Federal Rule of Criminal Procedure 60(b) ("Rule 60(b)"). (ECF No. 77.) Defendant has already filed four motions to reduce his sentence; each motion made pursuant to 18 U.S.C. § 3582(c)(2). (ECF Nos. 50, 52, 54, 64.)  The Court denied each of those motions. (ECF No. 71.) Similarly, the Court denies Defendant's instant motion.

**I.    BACKGROUND**

On April 8, 2014, Petitioner pled guilty to Count 1 in the Information, charging distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Presentence Report, ECF No. 35 at ¶ 1.)  The guideline range of imprisonment as determined in the Presentence Report was 151 to 188 months based on a final offense level of 29 and a criminal history category of 6. (ECF No. 35 at  ¶¶ 21, 79.) On August 26, 2014, a sentencing hearing was held before the Honorable Lawrence K. Karlton.  Judge Karlton found the final offense level to be 27, with a

1

guideline range of 130 to 162 months.  Judge Karlton varied downward to impose a mandatory minimum sentence of 60 months.  (ECF No. 68 at 2.)  Defendant now argues that he should receive an 18-month credit for time served under United States Sentencing Guideline § 5G1.3 ("USSG § 5G1.3") because Defendant served time in state court on the same underlying offense conduct.

Defendant's federal conviction arose from his May 24, 2012, sale of three ounces of methamphetamine to a confidential informant.  (ECF No. 35 at ¶¶ 3–6.)  Defendant alleges that his state court conviction stemmed from an arrest that also occurred on May 24, 2012.  (ECF No. 77 at 3.)  Defendant states that he was "arrested by California High Patrol … for being a parolee at large" and was found in possession of methamphetamine and ammunition for a .22 caliber weapon.  (ECF No. 77 at 4.)  Defendant alleges that the methamphetamine he possessed was the amount not sold to the federal government's confidential informant.  (ECF No. 77 at 4.)  Defendant was taken into state custody on May 24, 2012 and sentenced to three years in state prison on January 15, 2013.  (ECF No. 77 at 4.)   Defendant alleges that, after remaining in state custody from May 24, 2012 to November 23, 2013, he was released from state prison into the custody of United States Marshal Service.  (ECF No. 77 at 4.)  This transfer cannot be confirmed from the Court's records of the case.  However, it is correct that a federal warrant was issued for Defendant on November 22, 2013.  (ECF No. 2.)

## II.    STANDARD

There are a variety of legal mechanisms under which a defendant may seek a reduction in his sentence.  In this instance, Defendant argues that a reduction is appropriate under USSG § 5G1.3, which holds:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of

subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
    (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
    (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
    (c) If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.
    (d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

It is the discretion of the district court to determine a reasonable sentence that will "take into consideration many of the factors enumerated" within the sentencing guidelines. *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011).

### III.    ANALYSIS

Defendant has failed to indicate under what subsection of USSG § 5G1.3 he seeks a reduction of his sentence. However, the Court finds that no subsection is applicable to the Defendant's sentence.[1]

First, Defendant argues that "federal agents held its additional evidence, deciding rather to wait for disposition by the State of California on charges arising out of this same conduct. The result was there were two separate convictions and two separate sentences between the state and federal charges." (ECF No. 77 at 4.) The Court assumes Defendant is arguing that had the federal government provided the state with evidence of Defendant's methamphetamine sale, Defendant would have served only one state court sentence. Owing to this alleged prosecutorial misconduct, Defendant seeks a reduction of his sentence under 18 U.S.C. § 3553(a).

---

[1]    It is clear that USSG § 5G1.3(a) does not apply because Defendant does not allege that the offense was committed while he was serving a term of imprisonment.

Under this line of reasoning, there are no grounds for a modification of Defendant's sentence. The federal government's decision to pursue this case separately from the events surrounding the state's prosecution of a separate charge is discretionary. Moreover, the federal government's decision to pursue a separate federal case is entirely unrelated to USSG § 5G1.3, which only contemplates sentencing reductions in cases where separate undischarged terms of imprisonment exist. To the extent that Defendant believes he should receive a lesser sentence for this perceived injustice, the Court reminds him that Judge Karlton did consider 18 U.S.C. § 3553(a) in departing more than 50% from the minimum guideline range of 130 months to Defendant's current 60 month sentence.

Defendant's attorney also made a variation of this argument at the time of Defendant's sentencing. In Defendant's sentencing memorandum, defense counsel argued, "[h]ad the Federal Government charged him when they knew he was arrested with the buy money, Mr. Brown could have relied on §5G1.3(c) to ask that his federal and state cases run concurrent." (ECF No. 36 at 4.) It's clear that Defendant's attorney alleged that the federal government should have pursued charges against Defendant when the incident occurred and that, by waiting until the conclusion of Defendant's sentence, the federal government unfairly made Defendant ineligible for relief under USSG § 5G1.3(c). (ECF No. 36 at 4.)

It is possible that USSG § 5G1.3(c) may have applied if the federal government decided to charge Defendant prior to the conclusion of his state term of imprisonment.[2] However, the Court can only assess the facts of the case as they currently stand. The reality is that Defendant is ineligible for relief under USSG § 5G1.3(c). Moreover, even if the Court felt that Defendant was owed some reduction under 18 U.S.C. § 3553(a) due to the timing of Defendant's case, he has already received a variance to the statutory minimum sentence for his crime.

Finally, Defendant requests that the Court apply USSG § 4A1 to reduce Defendant's

---

[2] It is also worth noting that the probation officer considered whether the state charge and federal charge relied on related conduct. (ECF No. 35-2 at 1–2.) The probation officer concluded that they did not, while indicating the federal charge for sale of methamphetamine was not part of the same course of conduct, common scheme, or plan as his state charge for drug transportation and possession of ammunition. (ECF No. 35-2 at 1–2.) The Court finds it unnecessary to engage such inquiry itself, but finds it worth noting that the probation officer considered and rejected the notion.

criminal history by three points. (ECF No. 77 at 5.) Defendant insists that, because the state conviction arose out of the same conduct and same investigation of a joint task force, the conviction should not count in his criminal history. (ECF No. 77 at 5.) This argument was also brought to Judge Karlton's attention in defense counsel's sentencing memorandum. (ECF No. 36 at 2.) However, as defense counsel indicated in that memorandum, the deduction of three criminal history points would not change Defendant's overall criminal history category. (ECF No. 36 at 2.)[3] Even if the Court did determine that the state and federal charges arose from the same transaction, the sentencing guideline would remain the same. Moreover, given Judge Karlton's significant departure from the sentencing guidelines, the Court would not be inclined to further reduce Defendant's sentence.

**IV.     ANALYSIS**

For the stated reasons, Defendant's motion for a sentencing reduction under Rule 60(b) is hereby DENIED.

Dated: September 19, 2016

_____
Troy L. Nunley
United States District Judge

---

[3] Defendant's final criminal history score was 21. (ECF No. 35 at ¶ 43.) A score of 13 or more merits the maximum criminal history category of VI. Therefore, a reduction of three points would have no impact on his criminal history category. Moreover, even if Defendant's criminal history category was reduced to V, the guideline range would be 140 – 175 months. Defendant's 60 month sentence still falls well below that guideline range.