UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUHUN MERRELL BROWN,<br><br>　　　　Defendant. | No.  2:13-cr-00407-TLN<br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Juhun Merrell Brown's ("Defendant") Motion for Reconsideration. (ECF No. 80.) The Court has carefully considered the arguments raised by Defendant. For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

**I.     F**ACTUAL AND **P**ROCEDURAL **B**ACKGROUND[1]

On May 24, 2012, Defendant sold three ounces of methamphetamine to a confidential informant. (ECF No. 78 at 2.) Later that same day, Defendant states he was arrested "for being a parolee at large" and found in possession of methamphetamine and ammunition for a .22 caliber weapon. (ECF No 78 at 2.) Defendant was ultimately sentenced in state court to a term of three years (the "State Court Sentence") for "the sale/transportation/offer to sell a controlled substance"

---

[1] Citations are made to the Court's previous orders rather than the underlying documents, unless specifically noted.

1

and "unlawful possession of ammunition." (ECF No. 71 at 2.) Defendant spent approximately 18 months in state prison after his May 24, 2012 arrest. (ECF No. 71 at 2.) On or about the day he was released, he was taken into custody in this case pursuant to a federal warrant issued on November 22, 2013. (ECF No. 71 at 2; ECF No. 78 at 2.)

On April 8, 2014, Defendant entered a guilty plea to Count 1 in the information, charging distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) in connection with his sale of three ounces of methamphetamine to a confidential informant on May 24, 2012. (ECF No. 78 at 1–2.) On August 26, 2014, the Honorable Lawrence K. Karlton sentenced Defendant to the mandatory minimum sentence of 60 months. (ECF No. 78 at 1–2.) This sentence was substantially below the guideline range of 130 to 162 months. The guideline range was derived from a final offense level of 27 and criminal history category of VI. (ECF No. 78 at 1–2.) The final offense level gave Defendant credit for a two-point reduction pursuant to Amendment 782 to the United States Sentencing Guidelines, even though that amendment had not yet gone into effect. (ECF No. 71 at 2.) Defendant, proceeding pro se, filed four motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) between January 26, 2015 and October 20, 2015. (ECF Nos. 50, 52, 54, 64.) The Court denied all four motions in its order, dated March 17, 2016 (the "March 2016 Order"). (ECF No. 71.) On August 22, 2016, Defendant filed a motion (the "Rule 60 Motion") purportedly pursuant to Federal Rule of Civil Procedure 60(b)(6), which the Court construed as a motion seeking a reduction of his sentence. (*See* ECF No. 78 at 1.) The Court denied Defendant's Rule 60 Motion on September 19, 2016. (ECF No. 78.) On October 24, 2016, Defendant filed the instant motion seeking reconsideration of the Court's order, dated September 19, 2016 (the "Order"). (ECF No. 80.)

II.     **PRELIMINARY DISCUSSION REGARDING NATURE OF MOTION**

Given Defendant's pro se status and his repeated motions seeking reduction of his sentence, the Court will briefly discuss (i) the limited circumstances when this Court may reduce a defendant's sentence after it is imposed and (ii) the nature of Defendant's two most recent motions. Defendant filed the Rule 60 Motion after concluding from the March 2016 Order that two of the arguments he wished to advance for a reduction of his sentence fell outside the scope

2

of 18 U.S.C. § 3582(c)(2).  (ECF No. 77 at 1.)  In short, Defendant views his state and federal convictions as "a[ri]s[ing] out of the same conduct and same arrest" because he alleges the methamphetamine he possessed during his May 24, 2012 arrest was the amount that remained after his sale to the confidential informant earlier that same day.  (ECF No. 77 at 2–3.)  Consequently, Defendant argued in his Rule 60 Motion that (i) he should have received an 18-month credit for time served under State Court Sentence pursuant U.S.S.G. § 5G1.3, and (ii) his criminal history is overstated under U.S.S.G. § 4A1 because it improperly includes the crime of conviction for the State Court Sentence.  (ECF No. 77 at 2–5.)  After the Rule 60 Motion was denied, Defendant filed the instant Motion for Reconsideration without citing to any provision of the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure.  (ECF No. 80.)

   The Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider.  *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).  However, district courts generally have "'inherent authority' to decide motions for reconsideration or rehearing of orders in criminal proceedings, even when there is no statute authorizing such motions."  *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).  Where this inherent authority is not restricted by statute, district courts have applied the standards that "govern equivalent motions in civil proceedings" for motions for reconsideration in criminal cases.  *See, e.g.*, *United States v. Arias*, 3:10-cr-0089-RCJ-VCP, 2016 WL 779398, at * 1 (D. Nev. Feb. 29, 2016).

   18 U.S.C. § 3582(c) ("Section 3582(c)") expressly limits the inherent authority of district courts to reconsider criminal sentences it has imposed.  *See Barragan-Mendoza*, 174 F.3d at 1028; *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000), *cert. denied* 531 U.S. 970 (2000); *see also United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (noting that through Section 3582(c) Congress "abrogated this common-law practice in the sentencing context"), *cert. denied*, 135 S. Ct. 1442 (2015).  Section 3582(c) provides that a district court generally "may not modify a term of imprisonment once it is imposed."  *See United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011).  There are three exceptions to this general rule.  *See* 18 U.S.C. § 3582(c); *see also Townsend*, 762 F.3d at 645 ("The Sentencing Reform Act of 1984

explicitly prevents district courts from 'modify[ing] a term of imprisonment once it has been imposed' except in three narrow situations.") (citing Section 3582(c)).  The first exception permits defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of Section 3582(c)(2) are met.  *Dillon v. United States*, 560 U.S. 817, 819–22 (2011).  The second exception only applies when the motion is filed by the Director of the Bureau of Prisons.  *See* Section 3582(c)(1)(A); *United States v. Acevedo-Ramirez*, No. 1:12-cr-000227 LJO, 2016 WL 6582591, at *1 (E.D. Cal. Nov. 7, 2016). The third allows modification only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See* Section 3582(c)(1)(B); *Tadio*, 663 F.3d at 1046.  Federal Rule of Criminal Procedure 35 provides two avenues for modification: (i) the district court may, "*[w]ithin 14 days* after sentencing, … correct a sentence that resulted from arithmetical, technical, or other clear error[,]" or (ii) "*upon the government's motion*" the district court may reduce the sentence if the defendant provided "substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(a)-(b) (emphasis added).

The instant motion brought by Defendant is a motion to reconsider an order denying an earlier motion to reconsider his criminal sentence.  (ECF No. 80)  The Court construed Defendant's Rule 60 Motion as a motion for a reduction of his sentence as "[t]here is simply no such thing as a motion to reconsider an otherwise final sentence."  *United States v. Knepper*, CR NO. 05-00191 JMS, 2016 WL 3264239, at *2 (D. Haw. June 14, 2016).  However, a defendant may file a motion to reconsider an order denying a motion for reduction of sentence.  *See, e.g.*, *United States v. Amezcua*, No. 1:93-cr-5046-AWI-1, 2015 WL 5165235, at *1–2 (E.D. Cal. Sept. 2, 2015), *aff'd* No. 15-10480, 2016 WL 6441065 (9th Cir. Nov. 1, 2016); *Arias*, 2016 WL 779398 at *1–2.  Consequently, in order to obtain relief on the instant motion Defendant must both (i) demonstrates he satisfies one of the exceptions under Section 3582(c) and (ii) does so in a way that satisfies the standard for motions for reconsideration.  *See*, *e.g.*, *Amezcua*, 2015 WL 5165235 at *1–2.

//

//

### III.  STANDARD OF REVIEW

Where the district court's inherent authority to hear motions to reconsider in criminal cases is not restricted by statute, district courts review these motions under the standards governing motions under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Amezcua*, 2015 WL 5165235, at *1; *United States v. DePue*, No. 2:10-CR-109-RLH-PAL, 2013 WL 321667 (D. Nev. Jan 28, 2013). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Motions for reconsideration are not 'the proper vehicles for rehashing old arguments,' and are not 'intended to give an unhappy litigant one additional chance to sway the judge.'" *DePue*, 2013 WL 321667, at *1 (internal citations omitted).

### IV.  ANALYSIS

Defendant does not satisfy any of the three exceptions under Section 3582(c) that permit a district court to modify his sentence. *See Acevedo-Ramirez*, 2016 WL 6582591 at *1; *Townsend*, 762 F.3d at 645. For the reasons set forth in the March 2016 Order and as acknowledged by Defendant[2], Defendant's arguments are outside the scope of Section 3582(c)(2). (*See* ECF No. 77 at 1.) The motion for reduction of sentence at issue was not filed by the Bureau of Prisons so it is not within the Section 3582(c)(1)(A) exception. Lastly, Defendant does not satisfy the Section

---

[2] Defendant should not view this as invitation to file a motion to reconsider the March 2016 Order. Putting aside that Defendant was already given credit for a two-point reduction pursuant to Amendment 782, the fundamental problem remains — he was sentenced to the mandatory minimum. (*See* ECF No 71 at 3–4.) The Ninth Circuit has made clear that a district court has no authority to reduce a sentence pursuant to Section 3582(c)(2) where the defendant has been sentenced to the mandatory minimum. *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir 1996); *see, e.g.*, *United States v. Arteaga-Sotelo*, No. 1:08-cr-00280-DAD, 2016 WL 3167494, at *2 (E.D. Cal. June 6, 2016) ("Thus, even after the adoption of Amendment 782, the applicable sentencing range has not been lowered in defendant's case since he was originally sentenced to the statutory minimum mandatory term of imprisonment.").

5

3582(c)(1)(B) exception because he does not rely on another statute expressly permitting modification of his sentence and is barred from relying on Rule 35. Defendant cannot rely on Rule 35 because (i) the motion for reduction at issue was not filed by the government for relief based on substantial assistance under Rule 35(b) and (ii) was not filed within 14 days of sentencing as required by Rule 35(a). *See, e.g.*, *Knepper*, 2016 WL 3264239 at *2.

Furthermore, none of the reasons offered by Defendant in the instant motion satisfy the standard for a motion to reconsider. Due in part to Defendant's pro se status, the Court's Order explained why Defendant's arguments for a reduction of his sentence were meritless. (ECF No. 78 at 3–5.) None of Defendant's submissions in the instant motion call this explanation into doubt. Defendant now submits documentation to bolster his allegation that he came into the custody of the United States Marshal Service on November 23, 2016. (*See* ECF No. 80 at 1.) The Court's Order did not deny this was true and the specific date he came into federal custody is never mentioned in the Court's analysis. The Court merely noted that while it could not confirm this date from the "Court's records of the case" that it was "correct" that the federal warrant for Defendant was issued on November 22, 2016. (ECF No. 78 at 2.) Consequently, this additional documentation provides no basis for reconsideration. Additionally, Defendant seeks to clarify which subsection of USSG § 5G1.3 Defendant thought applied to his case. (ECF No. 80 at 1.) While the Court did find Defendant's Rule 60 Motion ambiguous on this point, for the sake of completeness the Order already included why Defendant was ineligible for relief under any subsection of USSG § 5G1.3. (*See* ECF No. 78 at 3–4.) Therefore, Defendant's clarification does not provide any basis for reconsideration. Lastly, the remainder of Defendant's motion "asks . . . as before" that the Court adjust his criminal history score emphasizing that he wants this done even if it will not change his criminal history category. (ECF No. 80 at 1–2.) As stated above, a motion for reconsideration is not "the proper vehicle[] for rehashing old arguments." *DePue*, 2013 WL 321667, at *1 (internal citations omitted).

\\

\\

\\

6

### V. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 28, 2016

Troy L. Nunley
United States District Judge

### V. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 28, 2016

Troy L. Nunley
United States District Judge

7